UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Honorable Marcia S. Krieger

Criminal Action No. 03-cr-00188-MSK

UNITED STATES OF AMERICA,

    Plaintiff,

v.

EVERARDO RIVAS,

    Defendant.

_____

**OPINION AND ORDER DENYING MOTION FOR NEW TRIAL**
_____

**THIS MATTER** comes before the Court pursuant to the Government's Motion for New Trial **(# 99)**, the Defendant's response **(# 100)**, and the Government's reply **(# 101)**.

The pertinent facts may be succinctly stated. The Defendant is charged in a one-count Indictment **(# 1)** with the crime of possession of cocaine with the intent to distribute, 21 U.S.C. § § 841(a)(1)and (b)(1)©. The case was tried to a jury. At the Defendant's request, the Court gave the jury a lesser-included offense instruction that allowed the jury to consider the lesser crime of simple possession, 21 U.S.C. § 844. That instruction read, in pertinent part:

> If you unanimously conclude that the United States of America did not prove all of the elements of Possession of a Controlled Substance With Intent to Distribute, or if, after all reasonable efforts, you are unable to agree on a verdict on that offense, then you must consider whether Mr. Rivas is guilty of the lesser offense of Possession of a Controlled Substance.

Neither party objected to the giving of this instruction.

During deliberations, the jury sent a note inquiring whether the instruction means "if we cannot agree that he is guilty (unanimously) that we find him not guilty." The Court met with counsel to discuss the jury's note, raising the question of whether the jury can decline to render a unanimous verdict as to the charged offense and render only a verdict as to the lesser included offense. The parties requested an opportunity to research the question. The following day, the Court reviewed the parties' submission of relevant authority and, after some additional colloquy, drafted a response to the jury's note that emphasized the importance of deliberating on the charged offense but advising that, if the jury was unable to agree on the charged offense, they could simply note the inability to agree on the verdict form and proceed to consider the lesser offense. The jury subsequently returned a verdict noting an inability to agree on the charged offense and a verdict of guilt on the lesser offense.

The Government filed the instant motion for a new trial on the charged offense, arguing that the jury's inability to agree on the prevents the termination of jeopardy on that charge and allows a retrial. *Citing U.S. v. Bordeaux*, 121 F.3d 1187, 1193 (8th Cir. 1997)  In response, the Defendant argued that conviction on a lesser-included offense operates as an implied acquittal on the greater offense, preventing retrial. *Citing Green v. United States*, 355 U.S. 184, 190 (1957). The Defendant argued that the cases cited by the Government were distinguishable because, after being convicted of the lesser offense by a jury unable to agree as to the greater charge, the defendants in those cases successfully obtained appellate reversal of their lesser offense convictions.

The Court begins its analysis chronologically with *Green*. There, the defendant was charged with first degree murder, and the trial court permitted the jury to consider the lesser

2

included offense of second degree murder. 355 U.S. at 185-86. The jury returned a guilty verdict on the lesser offense, but said nothing as to its verdict on the greater offense. *Id.* at 186. The appellate court reversed the murder conviction for lack of evidence and directed a new trial. *Id.* At the commencement of the new trial on the charged offense, the defendant objected, claiming jeopardy had already attached. *Id.* The trial court overruled his objection, and on retrial, the jury convicted him of the charged offense. *Id.* The Court held that the jury, faced with the opportunity to convict the defendant of either first or second degree murder, having chosen to convict on the lesser charge impliedly acquitted him of the greater charge. 355 U.S. at 190. The Court also articulated a second rationale: that the jury had been given a full opportunity to return a verdict on the charged offense and had not done so. *Id.* at 191.

The Supreme Court considered the question again in *Price v. Georgia*, 398 U.S. 323 (1970). There, the defendant was charged with murder, but the jury returned a verdict on the lesser offense of voluntary manslaughter without rendering a verdict on the charged offense. *Id.* at 324. The defendant appealed, and the conviction was reversed for a defective jury instruction. *Id.* The defendant was retried and convicted, again of the lesser offense. *Id.* On appeal of that conviction, the defendant argued that his retrial was impermissible double jeopardy. The Supreme Court observed that, by appealing his conviction on the lesser offense, the defendant prevented the termination of jeopardy on that charge and thus, could be retried on it. *Id.* at 326-27. However, the Court cited its prior decision in *Green*, holding that "jeopardy for an offense [terminates] after an acquittal, whether that acquittal is express or implied by a conviction on a lesser included offense when the jury was given a full opportunity to return a verdict on the greater charge." *Id.* at 329 (footnote omitted).

Courts interpreting *Green* and *Price* have generally limited the holdings in those cases to situations where the jury is silent as to a verdict on the greater offense. For example, in *Bordeaux*, jury advised the trial court that it was unable to agree on the greater offense, but convicted the defendant on the lesser offense.[1] 121 F.3d at 1188-89. However, on appeal the parties agreed that a faulty instruction required the vacatur of the lesser conviction and the granting of a new trial. *Id.* at 1189. The government requested a new trial on the greater charge, but the defendant contended that the new trial should only encompass the lesser charge. Finding that the jury's inability to agree on the greater offense was the equivalent of a hung jury warranting a mistrial, the court held that jeopardy had not terminated on the greater offense, thus permitting retrial of that charge. *Id.* at 1192. It further found that the vacatur of the lesser conviction permitted retrial of that charge as well. *Id.* Finally, the court turned to the question of whether the conviction on the lesser charge impliedly acquitted the defendant of the greater charge. Distinguishing *Green*, in which the jury was silent as to its verdict on the greater charge, the court found that the jury's express statement that it was unable to agree on the greater charge precluded any inference that they intended to acquit on that charge. *Id.* at 1192. Summarizing its holding, the *Bordeaux* court stated "we hold that where the jury expressly indicates that it is unable to reach an agreement on the greater charge, a conviction on a lesser included offense does not constitute an implied acquittal of the greater offense and presents no bar to retrial on the greater offense." *Id.* at 1193; *see also U.S. v. Williams,* 449 F.3d 635, 645 (5th Cir. 2006) (quoting *Bordeaux*'s holding, and distinguishing *Green*).

---

[1] The jury instruction in *Bordeaux* was effectively identical to the one given here. 121 F.3d at 1190 n. 5.

The Court agrees that the Supreme Court's reasoning in *Green* and *Price* is distinguishable from the facts presented in cases like *Bordeaux*. Whatever merit there may be in the Supreme Court's assumption that silence as to the greater offense implies acquittal,[2] there can be no implied acquittal when the jury expressly states that it cannot reach a unanimous verdict on the greater offense. Similarly, the logic in *Green* that the jury had a full opportunity to return a verdict on the greater charge and had not done so is far less compelling where the jury has expressly stated its inability to agree. In such circumstances, the customary rule that a jury's inability to reach a unanimous verdict results in a mistrial and retrial, not acquittal, would apply. *Richardson v. United States*, 468 U.S. 317, 323-24 (1984).

Although jeopardy does not bar the retrial of the Defendant on the charged offense, there is still the question of the significance of the existing conviction on the lesser offense. The Government's motion does not indicate whether it believes that conviction should be vacated in conjunction with a retrial on the greater offense, or whether the Government believes it is entitled to retry the Defendant on the greater charge with the security of the lesser conviction in its pocket. A case like *Bordeaux* offers little guidance, as the appellate court in that case reversed the lesser conviction on its merits, allowing the retrial to begin on a clean slate. Indeed, *Bordeaux*

---

[2]Neither *Green* nor *Price* mentions how the jury's verdict form was structured. The Court is aware of verdict forms in cases involving lesser offenses that consist of a single question, permitting the jury to mark that it convicts on the greater offense, convicts on the lesser offense, or acquits on all offenses. On these forms, noting guilt on the lesser offense does not require the jury to note any conclusive verdict on the greater offense, giving rise to a *Green*/*Price*-type situation. By contrast, this Court typically uses a verdict form that includes separate, sequential questions of guilt or acquittal for each offense, making it impossible (or at least, in this case, impractical) for the jury to reach the lesser offense without commenting on the greater offense. Thus, a *Green*/*Price* scenario is unlikely to arise based on this Court's customary verdict form. Neither party expressed any objection to the form used by the Court in this case prior to submission of the matter to the jury.

5

notes that, because the court reverses the lesser conviction, "the issue is not whether the original jeopardy on the greater charge is continuing, but whether the jury's verdict of guilt on the lesser charge, by implication, acquits the defendant of the greater charge." 121 F.3d at 1192. In this case, the pendency of the lesser conviction raises the precise issue the *Bordeaux* court did not consider. Even *Green* is careful to note that "Green's claim of former jeopardy is not based on his previous conviction for [the lesser offense] but instead on the original jury's refusal to convict him of [the greater offense]." 355 U.S. at 190 n. 11. What those courts expressly did not address is squarely before this Court: whether an unreversed conviction on a lesser included offense bars an otherwise permissible retrial on the greater charge.

The parties have not cited, and the Court has not found, precedent addressing this issue.[3] In the absence of such authority, this Court concludes that the existence of an un-reversed conviction on the lesser offense prevents any retrial on the greater. In *Price*, the Supreme Court discussed the concept of "continuing jeopardy," that is, that jeopardy continues to attach "where criminal proceedings against an accused have not run their full course." 398 U.S. at 326, *citing U.S. v. Ball*, 163 U.S. 662, 669 (1896). Here, the Defendant remains subject to the jeopardy of his conviction on the simple possession offense, and will eventually be sentenced on that charge. Should the Defendant appeal that conviction and obtain reversal, it is clear from *Price* that he can be retried on the lesser offense, 398 U.S. at 329, and, for the reasoning in *Bordeaux* discussed

---

[3]The court in *Williams* appears to agree that the government can indeed "keep the [lesser] conviction in its hip pocket, should a second trial [ ] result in a complete acquittal." 449 F.3d at 644-45 ("Regardless of whether we agree with Williams that there was a conviction [on the lesser offense], that conviction would not preclude a second trial on the [greater offense]"). However, this is dicta on at least two levels, both in that the court's equivocation as to whether a conviction on the lesser offense had actually occurred, and in that the court goes on to vacate any conviction on the lesser offense due to charging errors. *Id.* at 646.

6

above, on the greater offense as well. However, if the Defendant chooses not to appeal his conviction for simple possession, the jeopardy he faced on that offense has been terminated by his conviction and sentence, and any subsequent retrial, on either the lesser or greater charge, would impermissibly place him in a second jeopardy for the same offense. The Supreme Court in *Green* appears to have endorsed this conclusion in dicta. It stated "After the original trial, but prior to his appeal [of the lesser conviction], it is indisputable that Green could not have been tried again for first degree murder. . . And even after appealing the conviction of second degree murder he still could not have been tried a second time for first degree murder had his appeal been unsuccessful." 355 U.S. at 191. This Court reads the quoted language to suggest that so long as Green's conviction on the lesser offense of second degree murder remained valid, no retrial of the greater offense could be had under any circumstances.[4]

Moreover, this conclusion carries with it a particular practical logic. By consenting to a lesser-included offense instruction, the parties manifested a willingness to accept the possibility that the jury would only convict the Defendant of simple possession. If the Defendant chooses not to challenge his conviction for simple possession, both parties have obtained a result they previously represented would be satisfactory. If the Government was unwilling to accept a conviction on a lesser offense, it was incumbent upon it to oppose the lesser offense instruction. The Government could reasonably be heard to complain that it agreed to accept a lesser conviction only if the jury unanimously acquitted the Defendant on the charged offense, and thus,

---

[4]Admittedly, this passage in *Green* comes after the Court has concluded that the jury impliedly acquitted Green of the first degree murder count. Thus, it is conceivable that the basis for the Court's insistence that no retrial on the greater offense could be had was the fact that Green had been acquitted of the greater charge, not that the validity of the lesser conviction barred retrial.

has not gotten the benefit of its bargain.[5]  But to grant the Government retrial of the charged offense, regardless of how the Court disposes of the extant conviction, would deprive the Defendant of important rights.  Allowing retrial of the greater offense without the safety valve of the lesser offense denies the Defendant a privilege he enjoyed at his first trial and increases the possibility that the jury will vote to convict in a close case.  Retrying the Defendant on both the greater and lesser offenses would require this Court to vacate a valid conviction over the Defendant's objection, plainly violating his rights against double jeopardy.  Where the Court must inevitably disadvantage one side or the other, it is the Government that must bear the disadvantage.  It consented to the instruction that created this dilemma and it had the burden of proof on the charges it brought..

Accordingly, the Court holds that, so long as the extant conviction against the Defendant for simple possession remains, the Government may not retry the Defendant on the charged

---

[5]The Government did object to the Court permitting the jury to note on the verdict form that it could not agree on the charged offense.  However, the Government's position – that the verdict form be read literally to require the jury to reach a verdict on the charged offense before considering the lesser offense – was inconsistent with the Government's consent to the lesser offense instruction, which permitted the jury to move to the lesser offense if it could not reach unanimity on the charged offense.  Indeed, having consented to an instruction that permitted the jury to consider the lesser offense if it could not agree on the greater, the Government's only options in response to the jury's note were to allow the jury to note their inability to agree as to the charged offense, or to allow the jury to return a verdict on the lesser offense without addressing the charged offense in any way.  As discussed above, *Green* would deem the latter situation to be an implied acquittal on the greater offense, and thus, the option the Court chose was the most advantageous to the Government in light the position taken by the Government on the jury instructions.

offense of possession with intent to distribute. Should the Defendant's conviction for simple possession be appealed and reversed, however, the Court would permit the retrial of both the greater and lesser offenses. The Government's Motion for New Trial **(# 99)** is **DENIED**.

Dated this 23rd day of August, 2006.

**BY THE COURT:**

*/s/ Marcia S. Krieger*

Marcia S. Krieger
United States District Judge